**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 96-20738
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

LOUIS ELTON STONE,

Defendant-Appellant.

Appeal from the United States District Court
For the Southern District of Texas

(CA-H-96-268)

October 21, 1997

Before WISDOM, DUHÉ, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

In 1990, a jury convicted Louis Elton Stone of conspiracy to manufacture and attempt to

manufacture methamphetamine in excess of 100 grams in violation of 21 U.S.C. §§ 841(a)(1) and

846. The district court sentenced him to two concurrent terms of 121 months of imprisonment and

five-years of supervised release. This Court affirmed Stone's conviction and sentence on appeal.

In 1993, Stone filed a Fed R. Crim. P. 35 motion to amend the district court's judgment. He

also filed a 28 U.S.C. § 2255 motion alleging ineffective assistance of counsel. The district court

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

denied both of these motions. This court affirmed in two separate unpublished opinions.

On January 10, 1996, Stone filed a second § 2255 motion to correct his sentence. He maintains that the district court erred because it (1) calculated his sentence improperly under the Sentencing Guidelines based upon D-methamphetamine when his offense involved L-methamphetamine, (2) failed to give credit to Stone for time served in state custody, (3) refused to allow his sentence to run concurrently with his state sentence, and (4) failed to dismiss the indictment against Stone for lack of jurisdiction. Stone also argues that the probation officer committed a mathematical error in calculating his sentence and that he received ineffective assistance from his counsel. The government opposed this motion, arguing that the filing of this second § 2255 motion was an abuse of the writ. In the alternative, the government maintained that Stone's petition lacked merit. On June 20, 1996, the district court ruled in the government's favor on the merits of the petition. The district court did not address the abuse of the writ argument.

"A second or later section 2255 motion, which raises claims for the first time, is generally subject to dismissal for abuse of the motion."[2] The decision of whether to dismiss the second § 2255 motion is committed to the sound discretion of the district court.[3] We review the district court's decision for abuse of discretion.[4] "If the [government] asserts that the petition is an abuse of the writ under Rule 9(b), then the district court is obliged to address the issue before it reaches the merits of a case. The district court abuses its discretion when it 'pretermits' consideration of the [abuse of the

---

[2] *United States v. Flores*, 981 F.2d 231, 235 (5th Cir. 1993).

[3] *Id*. at 234.

[4] *Id*.

writ] issue by denying the petition as meritless."[5]

In the present case, the district court did not address the abuse of the writ argument raised by the government. This is an abuse of discretion. Accordingly, we VACATE the judgment of the district court and REMAND this case for the district court to consider whether Stone's § 2255 motion should be dismissed as an abuse of the writ under Rule 9(b) of the Rules Governing § 2255 proceedings.

---

[5] *Foret v. Whitley*, 965 F.2d 18, 20 (5th Cir. 1992). *See also Alexander v. Whitley*, 940 F.2d 946, 947-8 (5th Cir. 1991). Both *Foret* and *Alexander* involved petitions under 28 U.S.C. § 2254. In *United States v. Flores*, this Court held that the abuse of the writ analysis applicable to a § 2254 motion is equally applicable to a § 2255 motion. 981 F.2d 231, 234-6 (5th Cir. 1993).